# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 24, 2016

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JOEY C. MILLER,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0410**  (BOR Appeal No. 2050161)
                    (Claim No. 2013007479)

**HOBET MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joey C. Miller, by William Gerwig, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hobet Mining, LLC, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 29, 2015, in which the Board affirmed a January 15, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 29, 2014, decision denying Mr. Miller's request to add displaced lumbar disc without myelopathy and thoracic/lumbosacral neuritis/radiculitis as compensable components of the instant claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Miller injured his lower back on September 4, 2012, while he was attempting to move a fuel hose. On October 5, 2012, the claim was held compensable for a lumbar sprain and sacroiliac sprain. On February 13, 2013, Panos Ignatiadis, M.D., Mr. Miller's treating physician, noted that he treated Mr. Miller for back pain in the past, but indicated that he is currently treating Mr. Miller for back pain of a much longer duration. Dr. Ignatiadis diagnosed Mr. Miller

1

with degenerative disc disease, which he opined was aggravated by the September 4, 2012, injury.

On October 29, 2013, Trenton Gause, M.D., performed a records review. He noted that Mr. Miller's medical history includes a diagnosis of degenerative disc disease and at least one prior back injury. Additionally, Dr. Gause noted that a lumbar spine MRI performed on October 15, 2012, revealed mild congenital lumbar spine stenosis, endplate edema at L4-5, multiple small disc protrusions, underlying increasing degenerative changes, and neuroforaminal stenosis.[1] He then opined that the September 4, 2012, injury is consistent with a strain that should have resolved.

Paul Bachwitt, M.D., performed an independent medical evaluation on December 11, 2013. He also noted that Mr. Miller has a history of prior lower back injuries. Dr. Bachwitt further noted that the October 15, 2012, MRI revealed degenerative changes, including small disc bulges at L3-4 and L4-5 with disc space narrowing at L5-S1. He diagnosed Mr. Miller with a lumbar sprain/strain superimposed on prior back injuries and pre-existing degenerative changes. Dr. Bachwitt opined that Mr. Miller's current symptoms are the result of pre-existing degenerative changes.

The claims administrator denied Mr. Miller's request to add displaced lumbar disc without myelopathy and thoracic/lumbosacral neuritis/radiculitis as compensable components of the instant claim on July 29, 2014. Cliff Hill, D.C., Mr. Miller's chiropractor, wrote a letter to the claims administrator on August 14, 2014. He indicated that although Mr. Miller reported symptoms consistent with a lumbar disc herniation prior to the October 15, 2012, MRI, it was not possible to diagnose him with a disc herniation until diagnostic imaging was complete. Dr. Hill then indicated that a February 13, 2013, diagnosis update request was submitted in consideration of the results of the October 15, 2012, MRI.

In its Order affirming the July 29, 2014, claims administrator's decision, the Office of Judges held that Mr. Miller has failed to demonstrate that he sustained the requested additional diagnoses in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated April 29, 2015. On appeal, Mr. Miller asserts that the report of Dr. Ignatiadis and the letter authored by Dr. Hill demonstrate that the diagnoses of displaced lumbar disc without myelopathy and thoracic/lumbosacral neuritis/radiculitis should be added as compensable components of the instant claim.

The Office of Judges noted that multiple physicians have diagnosed Mr. Miller with pre-existing degenerative disc disease. Specifically, the Office of Judges noted that Dr. Bachwitt opined that pre-existing degenerative changes are the sole cause of Mr. Miller's current symptoms. Additionally, the Office of Judges noted that Dr. Gause characterized Mr. Miller's injury as a simple lumbar strain which should have resolved some time ago. After weighing the

---

[1] The report interpreting the results of the October 15, 2012, lumbar spine MRI is not contained in the evidentiary record.

2

evidence of record, the Office of Judges determined that the evidence of record does not support a finding that Mr. Miller sustained a displaced lumbar disc without myelopathy and thoracic/lumbosacral neuritis/radiculitis in the course of and resulting from his employment. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 24, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Margaret L. Workman

3